On Rehearing.
 

 BRUNOT, Justice.
 

 This case is on rehearing. The trial judge rescinded the sale from the plaintiffs to the defendant on the ground of lesion beyond moiety, and reserved to the defendant the right to supplement the price within thirty days, or, if the reserved right was not timely exercised, he decreed the annulment of the sale to be absolute and vested title in the plaintiffs to an undivided
 
 Yio
 
 of ^/soo of the property described in the deed. This court reversed that part of the judgment rescinding the sale for lesion beyond moiety and reserving to the defendant the right
 
 to
 
 supplement the price, for the reason that no consideration whatever was paid for the purported transfer of the property from the plaintiffs to the defendant. The judgment was recast to conform ‘to this finding, but in other respects it, in effect, affirms the judgment appealed from.
 

 When an application for a rehearing was applied for, it created some doubt as to whether or not the fund used to purchase stock in the Black Bayou Lumber Company belonged to the community, and a rehearing was granted for the purpose of reviewing the record to definitely determine that issue.
 

 Gloyd’s wife was living, at the time he purchased the stock. There is no showing that the stock was purchased with paraphernal funds. There is no showing that either spouse had paraphernal funds at the time of their marriage, and there is no showing where, or in what state, the parties resided when the stock was purchased. There is abundant proof in the record that, when Gloyd became the assignee and trustee of the property, he resided in the state of Missouri, but this does not suffice to destroy the legal effect of acquiring property in this state in the manner and under the circumstances disclosed by this record.
 

 
 *783
 
 We therefore find that our original opinion and decree are correct, and they are reinstated and made the final judgment oi tlie court.
 

 O’NIELL, C. J., dissents.